## UNITED STATES v. TESTOLINI.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1925.)

No. 4383.

Aliens ⚖➾54—Secretary held to have option as to country of deportation.

Under Immigration Act 1917, § 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k), providing that deportation of aliens shall "at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States, or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory," where an alien embarked from a foreign port for a foreign contiguous territory, from which he entered the United States, the Secretary has the option to order his deportation to the country whence he came, and of which he is a subject.

Appeal from the District Court of the United States for the Western District of Texas; W. R. Smith, Judge.

Petition by Angel (or Angelo) Testolini against the United States for writ of habeas corpus. From a judgment restraining the immigration authorities from deporting petitioner to any country other than Mexico, the United States appeals. Reversed and remanded.

H. R. Gamble, Sp. Asst. U. S. Atty., of El Paso, Tex. (John D. Hartman, U. S. Atty., and N. J. Morrison, Asst. U. S. Atty., both of El Paso, Tex., on the brief), for the United States.

E. B. Elfers, of El Paso, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The appellee, while he was held under a warrant ordering his deportation to Italy, filed a petition which prayed that the writ of habeas corpus issue, to the end that his alleged illegal restraint be inquired into, "and that upon hearing the warrant and order of the Secretary of Labor in this case be modified, so as to direct that this petitioner be permitted to return to Mexico, and that he have all such other and further relief as he may upon hearing be found entitled to." The writ of habeas corpus was issued, and the hearing resulted in an order or judgment whereby the immigration authorities were restrained and enjoined from deporting appellee to any country, port, or place other than Mexico, that order containing the following:

"The application of petitioner is in all other respects denied, and petitioner is remanded to the custody of respondent herein, without prejudice to his right to renew his application for a discharge from such custody, in the event he shall not have been deported to Mexico within a reasonable time."

That order is presented for review by the government's appeal therefrom. The record indicates that appellant did not undertake to maintain the proposition that he was not subject to be deported, and that the relief granted was all that he really claimed to be entitled to. The effect of the order appealed from was that, under the evidence which was before the Assistant Secretary of Labor when the deportation order was made, that official was without power or authority to order the deportation of the appellee to Italy. A phase of that evidence tended to prove the following:

Appellee is a native of Italy, born in 1884, and has continued to be an Italian subject. After being in the United States for several years, he went to Mexico in 1910, and remained in that country until 1915, when he returned to the United States, remaining there until 1918, when he went back to Mexico. He married in Mexico a Mexican woman, by whom he had two children. His wife having died, he returned to Italy in 1920, accompanied by his children. He remained in Italy until December, 1922, when he left that country and embarked from St. Nazaire, France, for Vera Cruz, Mexico, leaving his children in Italy. When he entered the United States on March 8, 1924, from Juarez, Mexico, his final destination was El Paso; his unlawful entry being made after he had applied to the United States consul at Juarez for a permanent visé to his passport and had been informed that he could not procure one before June, 1924. When he entered the United States, he had given up his employment in Mexico, and had no home, family, or property in that country.

Section 20 of the Immigration Act of 1917 (39 Stat. 874, 890 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k]) provides as follows:

"That the deportation of aliens provided for in this act shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such terri-

tory; or, if such aliens entered foreign contiguous territory from the United States and later entered the United States, or if such aliens are held by the country from which they entered the United States not to be subjects or citizens of such country, and such country refuses to permit their re-entry, or imposes any condition upon permitting re-entry, then to the country of which such aliens are subjects or citizens, or to the country in which they resided prior to entering the country from which they entered the United States."

Prior to the enactment of that provision the Supreme Court had recognized the lack of clearness in the provisions as to the country to which an excludable alien should be deported, contained in the statute which was superseded by the one above quoted from, without deciding whether the superseded statute (34 Stat. 898) left any room for discretion on the part of the official who was authorized to order the deportation. Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967. The above set out provision expressly gives an option to the Secretary of Labor. The language of that provision shows that the lawmakers had in mind aliens who embarked from a foreign port for the United States, and also aliens who embarked from a foreign port for foreign contiguous territory.

We are of opinion that the language used evidences an intention to give the Secretary of Labor the option, as well in the case of an excludable alien whose embarkation from a foreign port was for the United States as in the case of one whose embarkation from a foreign port was for foreign contiguous territory, to require the deportation of such alien to the country whence he came or to the foreign port at which such alien embarked; the right to choose the last-mentioned alternative being limited or qualified by the provision which is applicable when the country from which the alien entered the United States forbids, or imposes a condition upon, his re-entry. The language of the quoted provision indicates the absence of an intention to give to an alien's sojourn in a foreign contiguous territory for which he embarked from a foreign port, and from which he entered the United States, the effect of keeping the country of his nativity, of which he continues to be a citizen or subject, from being considered the country whence he came within the meaning of that provision.

This case does not call for a decision of the question whether an excludable alien's acquisition, prior to his entering the United States, of a domicile in the foreign contiguous territory from which he entered, does or does not have the effect of requiring that he be deported to the country in which he had acquired a domicile, as the evidence which was before the Assistant Secretary of Labor when the deportation order was made was not such as required a finding that the appellee had a domicile in Mexico prior to his entering the United States from that country. A phase of that evidence furnished support for a finding that appellee did not have a domicile in Mexico when he left that country for the United States in March, 1924.

We conclude that evidence upon which the deportation order in question was based furnished support for a finding that a state of facts existed which authorized the making of an order requiring the deportation of the appellee to Italy. It follows that the order or judgment appealed from was erroneous. That order or judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.