DONG YING FUN v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1925.)

No. 4438.

1. Aliens ⬯32(13)—That member of board of special inquiry is also stenographer for board does not affect findings.

That one member of board of special inquiry to pass on application of Chinese person for admission to United States acts in dual capacity as stenographer to board, as well as member thereof, is insufficient grounds for setting aside findings of board on ground that it was not properly constituted.

2. Aliens ⬯32(13)—Difference in personnel of board of special inquiry, adversely determining question of alien's right to land, held not to affect findings.

That board of special inquiry, appointed under Act Feb. 5, 1917, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii), which finally determined whether Chinese person duly held should be allowed to land or be deported, was composed of different personnel than board which first heard such matter, held not ground for setting aside findings of board, where board making final determination considered all evidence adduced, including that considered by prior boards.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Habeas corpus proceeding by Dong Ying Fun against John D. Nagle, as Commissioner of Immigration of the Port of San Francisco. From a judgment of dismissal, after hearing on order to show cause, petitioner appeals. Affirmed.

This is an appeal by Dong Ying Fun from an order of the District Court dismissing a petition for writ of habeas corpus. Dong Ying Fun applied for admission to the United States in May, 1924, as the natural born son of Dong Hing Tung, conceded to be a domiciled merchant. Order to show cause was issued, hearing was had, and thereafter order of dismissal was made.

The record shows that the question of the boy's right to land was referred to a board of special inquiry on May 22, 1924; the board being made up of Messrs. Seidle and Davis, and Miss Allen. After the applicant and his alleged father were heard, the matter was continued until May 26th, at which time a Miss Peterson was substituted as a member in place of Miss Allen. Some further testimony was taken on that day, and the matter was again continued until June 12th to procure additional testimony from an alleged brother of petitioner, who lived in Duluth. On June 12th a board of special inquiry, composed of Messrs. Seidle and Davis and Miss Allen, all members of the original board, considered the matter having no additional testimony other than a deposition of the alleged brother in Duluth. The board found that the relationship claimed was not satisfactorily established, and therefore entry was provisionally denied, with 10 days allowance for the introduction of further evidence. Upon the making of that order, applicant, through his attorney under date of June 17th, requested that the matter be referred to the Boston authorities to take the testimony of Dong Hing, an alleged brother residing in Boston. Accordingly, the testimony of Dong Hing was taken at Boston and returned to the immigration authorities at San Francisco; and on July 18th, the board of special inquiry, consisting of Inspector Davis, who had been on previous boards, and two new members, Inspectors Griffin and Murphy, considered all the evidence adduced in the case, including the transcript of testimony of the Boston witness, and found that the applicant had not satisfactorily established his claim. On July 21st applicant appealed to the Secretary of Labor, who had the record before him, and in due course affirmed the recommendation of the Commissioner General of Immigration that applicant be denied admission.

P. A. Vincilione, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The contention that applicant was not given a fair and impartial hearing, and that the proceedings leading to his exclusion were arbitrary and illegal, is based upon the grounds: (1) That the board of special inquiry was improperly constituted, in that it was made up of members who acted in the dual capacity of members of the board as well as stenographers to the board; (2) and that the members of the board were so changed during the hearing that no two of them heard the testimony adduced in petitioner's behalf.

[1] The fact that one of the members of the board was a stenographer and kept the record of the proceedings and testimony is no ground for setting aside the findings. One acting in a capacity where he must pass upon the truth or falsity of evidence has a perfect right to record the testimony of witnesses.

[2] The other ground is more important. Section 17 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii), provides that boards of special inquiry shall be appointed by the Commissioner of Immigration or inspector in charge at the various ports of arrival as may be necessary for the prompt determination of cases of immigrants detained under the provisions of the law. Each board must consist of three members, who shall be selected from such of the immigration officials in the service as the Commissioner General shall from time to time designate as qualified to serve on such board. The boards are required to keep complete and permanent records of their proceedings, and the decision of any two members of the board shall prevail, but either the dissenting member or the alien may appeal to the Commissioner of Immigration and the Commissioner General of Immigration and to the Secretary of Labor. The authority of the board of special

inquiry is to determine whether an alien who has been duly held shall be allowed to land or shall be deported.

After the hearing on June 12th and the decision of the board provisionally denying entry, applicant asked for and was, given opportunity to take the testimony of an alleged brother living in Boston. His testimony was taken and returned to the authorities in San Francisco, where the board of special inquiry which again took up the matter was composed of three members, only one of whom had been on the several boards that had previously heard the matter. However, it was the last referred to board that considered "all the evidence adduced in the case" and made the decision from which the applicant took his appeal to the executive authorities, and at no point in his appeal did he question the make-up of the board.

The provisional order, which was made by the same board that first heard testimony, is itself some evidence that the administrative authorities were conducting the inquiry with careful regard to the rights of the applicant. Although there was a change in the personnel of the boards, the one which finally passed on the matter was a lawfully constituted authority, and we think could consider the testimony that had theretofore been taken, including the deposition obtained in Boston. Tang Tung v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; Morrell v. Baker (C. C. A.) 270 F. 577.

The finding that there were material discrepancies between the testimony given by the several witnesses, and that the relationship of father and son had not been established, has sufficient support in the record to make interference by the court unwarranted.

The judgment is affirmed.