## LUI TSE CHEW v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4836.

1. Aliens ⬅32(8)—Exclusion of Chinese person seeking admission as son of domiciled Chinese merchant held not abuse of discretion, in view of evidence.

Exclusion of Chinese person, seeking admission as son of domiciled Chinese merchant, *held* not abuse of discretion or illegal, in view of discrepancies between testimony of his alleged father and alleged brother.

2. Aliens ⬅32(6)—That board of special inquiry considered testimony of record in prior cases affecting right of entry of alleged son of domiciled Chinese merchant held not prejudicial.

That board of special inquiry, in determining right of Chinese person to enter as son of domiciled Chinese merchant, considered testimony of record in cases of a previously landed son and an alleged son who was deported, *held* not prejudicial.

3. Aliens ⬅32(6).

In cases involving right of entry of alleged son of domiciled merchant, records in previously decided cases affecting such matter are properly received in evidence.

4. Aliens ⬅32(9)—Record entry concerning counsel's failure to return borrowed records held not to show unfair attitude of board toward applicant for admission.

Entry on record of inquiry affecting right of entry of alleged son of domiciled Chinese merchant, to effect that copies of testimony in prior cases, loaned to attorneys of record, had not been returned, *held* not to indicate unfair attitude on part of members of board.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus proceeding by Lui Tse Chew against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco, Cal. From an order denying his petition, petitioner appeals. Affirmed.

J. H. Sapiro, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

GILBERT, Circuit Judge. The appellant appeals from the order of the court below denying his petition for habeas corpus. He is a Chinese person, and he arrived at the port of San Francisco, accompanied by his alleged father, Lui Yee Yun, a domiciled Chinese merchant, and by his alleged younger brother Lui Tee Foon. The board of special inquiry found against the relationship of both said alleged sons to Lui Yee Yun. On appeal the board of review held that Lui Tee Foon was entitled to admission as the son of Lui Yee Yun, but affirmed the order excluding the appellant.

[1] It is alleged in the petition for the writ that the evidence of the relationship between the appellant and his alleged father was so convincing and conclusive that it was abuse of discretion and illegal to exclude him. We find no ground for so holding. The discrepancies between the testimony of the appellant and that of his alleged father and his alleged brother and that of Lui Tse Som, a previously landed son of Lui Yee Yun, were sufficient to justify the order of exclusion. There was a notable discrepancy in the testimony concerning the annual flooding of the home village. The prior landed alleged brother testified that the village was flooded almost every year, that when the flood was present they lived in lofts until the water subsided, that the cooking was done in the lofts in portable adobe ovens, that the family ate and slept in the lofts, and that to pass from one loft to another they waded across the rooms below, where sometimes the water came up to their chests. Lui Tee Foon corroborated that testimony, stating that every house in the village was flooded. The appellant was unable to remember that any freshets or excessive water had ever entered any house in the village. Again, Lui Yee Yun testified that, when he went home on his last trip, he took with him a large pendulum clock, which was placed in the parlor of his home. The appellant testified that there never was a clock in the parlor, and never more than one clock in the house, which was a small alarm clock, and that he was positive there never was a pendulum clock there.

[2] It is contended the hearing was unfair, in that the board of special inquiry gave consideration to records which they failed to bring to the attention of the appellant at the time of the hearing, with the result that he was deprived of opportunity to offer testimony in explanation or rebuttal thereof. The

record shows that after the first hearing of the application a provisional order of exclusion was made, and that there was a further hearing before making the final order of exclusion; that at the time of making the provisional order the board declared that it had examined the applicants and their alleged father, "due consideration having been given by the board to the testimony of record in the cases of the previously landed son and the alleged son, who was deported." It is not shown anywhere in the record that the board was influenced by, or based its final decision in whole or in part upon, anything contained in that record. We cannot see that the hearing was rendered unfair by the mere fact that the record was not presented to the appellant, or that he was not interrogated as to the facts therein contained.

[3] After the final order of exclusion was made, the appellant's counsel was given full opportunity to review the record. If that record contained evidence adverse to the appellant's application, his counsel has failed to bring that fact to our attention. It is as reasonable to assume that it was favorable to the appellant as that it was adverse to him. That such records are properly received in evidence in cases of this kind has been generally recognized. Chang Sim v. White (C. C. A.) 277 F. 765; In re Jem Yuen (D. C.) 188 F. 350; Chin Shee v. White (C. C. A.) 273 F. 801.

[4] During the hearing it was noted upon the proceedings that an examination of the files in the cases of Louie Do Ying and Lui Tse Som "fails to disclose that the copies of the testimony in those cases loaned to the attorneys of record have been returned." It is contended that this entry indicates an unfair attitude on the part of the members of the board, and it is said that the Commissioner and the Secretary based their decision entirely upon that entry. It is clear, however, that the entry upon the record had nothing whatever to do with the decision, and that its purpose was none other than to direct the attention of counsel to the fact that certain borrowed records had not been returned.

The judgment is affirmed.