### HOM DONG WAH v. WEEDIN, U. S. Com'r of Immigration.

Circuit Court of Appeals, Ninth Circuit. March 19, 1928.

No. 5315.

Aliens ⟨⟩32(8)—Discrepancies in testimony of Chinese applicant and his alleged citizen father respecting collateral matters held to warrant applicant's exclusion.

Where Chinese applicant for admission as son of American citizen testified that he had spent nights at home and slept in the same room with his alleged father before leaving China, but father testified that the supposed son slept in school buildings, and there were other irreconcilable discrepancies respecting collateral matters, presumably within knowledge of both parties, applicant *held* properly excluded.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Petition by Hom Dong Wah for writ of habeas corpus, to be directed to Luther Weedin, as United States Commissioner of Immigration at the port of Seattle. From an order denying the petition, petitioner appeals. Affirmed.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Anthony Savage, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, on the brief), for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant based his right to admission on the claim that he is the son of an American citizen. The citizenship of the alleged father is admitted, so the only question for consideration is that of relationship. The relationship was testified to by the appellant and the alleged father, and their testimony was corroborated in a measure by the testimony of another witness, who met the alleged father and the appellant in China on two different occasions some two years ago, but had no personal knowledge of the relationship. On the other hand, there are certain discrepancies in the testimony which have not been explained or accounted for, and which cannot be explained or accounted for on any theory other than that of false swearing. The alleged father lived in China for a period of about five years on his last visit and returned to this country accompanied by the appellant. The appellant testified that he attended school at another village up to within two or three days of his departure from China, whereas the alleged father testified that the appellant had not attended school for more than a month before leaving China; the appellant testified that while attending school he and his brother, who attended a different school, spent their nights at home and slept in the same room with the alleged father and other members of the family, whereas the alleged father testified that both sons slept in the school buildings. Again, the alleged father testified that there was a framed photograph of his in the bedroom at home, and also a group picture of the children of the school attended by the appellant; whereas the appellant testified that there were no such pictures in the room, that he never saw a photograph of his father, except a small one attached to an affidavit produced on the hearing, that he was one of the persons in the group of school children, that the group picture was at the school building, that he did not get one, and that none was in the room or home.

All the matters thus testified to were of recent date, and presumably within the knowledge of both parties. This is especially true of the fact as to where the appellant and his brother slept at night during the time they were attending school, and, as already stated, this discrepancy, at least, cannot be reconciled, except upon the theory that one or the other of the witnesses testified falsely. The effect of such discrepancies has often been considered by this court. In fact, this is the most common ground of exclusion or deportation. In reference to such discrepancies this court said in Siu Say v. Nagle, 295 F. 676:

"In cases of this character experience has demonstrated that the testimony of the parties in interest as to the mere fact of relationship cannot be safely accepted or relied upon. Resort is therefore had to collateral facts for corroboration or the reverse. If the witnesses are in accord as to a number of collateral facts, which they should know if the claimed relationship exists, and probably would not know if the claim of relationship did not exist, there is at least a reasonable probability that the testimony is true. If, on the other hand, the witnesses disagree as to collateral facts which they should or would know if the claimed relationship exists, especially such an important fact as membership in the immediate family of the parties, there is a strong probability that the claim of relationship is false and fraudulent."

And in this connection we quoted the language of Mr. Justice Story in The Santissima Trinidad, 7 Wheat. 283, 337 (5 L. Ed. 454):

"If the circumstances respecting which the testimony is discordant be immaterial, and of such a nature that mistakes may easily exist, and be accounted for in a manner consistent with the utmost good faith and probability, there is much reason for indulging the belief that the discrepancies arise from the infirmity of the human mind, rather than from deliberate error. But where the party speaks to a fact in respect to which he cannot be presumed liable to mistake, as in relation to the country of his birth, or his being in a vessel on a particular voyage, or living in a particular place, if the fact turn out otherwise, it is extremely difficult to exempt him from the charge of deliberate falsehood; and courts of justice, under such circumstances, are bound, upon principles of law and morality and justice, to apply the maxim 'falsus in uno, falsus in omnibus.' "

Viewed in this light, we are not prepared to say that discrepancies such as those found here, relating as they do to the home life and surroundings of the parties, are not sufficient

to raise a substantial doubt as to the relationship claimed.

The order is therefore affirmed.