## HOM MOON ONG v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
April 29, 1929.

No. 5593.

Before GILBERT, RUDKIN, and DIET-RICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant, claiming to be a foreign-born citizen of the United States, was denied admission on his application to enter the United States on a hearing before a board of special inquiry. Upon the dismissal of his appeal to the Secretary of Labor, he filed in the court below his petition for a writ of habeas corpus. That court, without issuing an order to show cause, denied the writ. The petition alleged that the petitioner was denied a full and fair hearing by the members of the board of special inquiry, in that said members were so shifted around and substituted one for another that at no hearing did the same three members function or hear the testimony or see the witnesses, and therefore they "could not and did not" become sufficiently familiar with the facts to enable them to arrive at an intelligent judgment concerning the right of the petitioner to enter the United States. The petition further alleged that all the testimony and proceedings before the board "are now in the possession and subject to the control of the Secretary of Labor and all of them are now inaccessible to your petitioner, that said Secretary of Labor will not permit an inspection of said records, nor allow a copy of the same to be made in order to be filed with and made a part of this petition."

The appellant directs attention to the fact that no order to show cause was issued upon the petition. 28, USCA § 455, requires that the writ shall be issued, "unless it appears from the petition itself that the party is not entitled thereto." Obviously the court below was of the opinion that the petition presented no ground either for the issuance of a writ or an order to show cause. This court applied the rule of the statute in a similar case in Erickson v. Hodges, 179 F. 177.

The appellant's main contention is based upon the allegation of the petition that the members of the board were shifted and changed so that at no meeting did the same three function. A similar contention was made in Dong Ying Fun v. Nagle (C. C. A.) 5 F.(2d) 310, where it was asserted that the members of the board were so changed during the hearing that no two of them heard the testimony, and that only one of the members who finally disposed of the application had been on the several boards that previously had heard the matter. This court referred to the fact that the last meeting of the board considered all of the evidence adduced in the

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

case and made the decision, and held that the board could lawfully dispose of and pass upon the application, and could consider the testimony that had theretofore been taken, including a deposition which had been obtained in a foreign jurisdiction. There is nothing in the petition in the present case to indicate that at the final hearing all the testimony taken in prior hearings was not considered by three members of the board in disposing of the question of the appellant's right to enter the United States. We think that the decision in the Dong Ying Fun Case conclusively answers the appellant's contention here.

█ The appellant attempts to assimilate the rules governing the functions of a board of special inquiry to those which apply to a court, and cites authorities to the proposition that, where a court consists of several judges, the absence of one will work its disorganization, and that a disposition of a case by a court organized in violation of statutory provisions must be held null and void. But a board of special inquiry is but an instrument of the executive power, and is not a court, and the proceedings to determine the right of a foreign-born person, claiming citizenship, to enter the United States, are administrative and not judicial, nor are the members of the board judicial officers. Pearson v. Williams, 202 U. S. 281, 26 S. Ct. 608, 50 L. Ed. 1029; White v. Chan Wy Sheung (C. C. A.) 270 F. 764, 767; Lim Jew v. United States (C. C. A.) 196 F. 736, 744. By the settled practice before the board, consideration is permitted of evidence taken before a single immigration inspector, Quon Quon Poy v. Johnson, 273 U. S. 352, 357, 47 S. Ct. 346, 71 L. Ed. 680, and questions are determined upon any credible evidence, such, for instance, as the prior immigration records, Moy Said Ching v. Tillinghast (C. C. A.) 21 F.(2d) 810.

█ The allegation that the members of the board could not and did not become sufficiently familiar with the facts of the case to enable them to render a fair judgment presented no ground for action to the court below. It was but the statement of a conclusion, not the presentation of a substantive averment from which the court could deduct the conclusion that the board failed to ascertain the facts. Nor was ground for action presented by the allegation that the immigration record was inaccessible to the appellant or that the Secretary of Labor would not permit an inspection thereof nor allow a copy of the same to be made. For it did not follow that the appellant was not in possession of copies of the record or was not apprised of all the information which the record contained or was uninformed of any material fact which might have been shown thereby.

The judgment is affirmed.