## QUAN JUE v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit. October 28, 1929.

No. 5868.

W. G. Becktell, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Appellant, who claims to be the foreign-born son of a Chinese father born in the United States, was by the immigration officers denied admission upon the ground that his evidence did not satisfactorily establish the alleged relationship. Admittedly the testimony he produced was in certain particulars out of harmony with testimony given by alleged relatives upon previous occasions in support of applications for the admission of

other alleged members of his family. Six of these discrepancies were pointed out in the decisions of the immigration officers. One of them relates to the question whether the applicant's paternal grandmother had "unbound" or "natural" feet. That in terms the record exhibits a conflict is not disputed, but appellant contends it is due to confusion in the minds of the witnesses touching the meaning of the two words "unbound" and "natural." It seems to be true that not infrequently apparent discrepancies in that respect are to be so explained, and to avoid them the department, by its letter of instructions to inspectors and others of date April 4, 1916, directed them to inquire of witnesses particularly in such a manner as to have them make clear what they mean in using the terms "natural" and "unbound." But the view that there was confusion here is difficult to accept. Appellant not only testified that his paternal grandmother had "unbound" feet, but upon specific inquiry added that the effect of the binding was such that "it showed in her walk." In other words, the binding had resulted in deformity. But at former hearings applicant's alleged father and one of his alleged brothers testified that this woman had "natural" feet, and it is not seriously contended that any one describes as "natural," feet that were bound in such manner and for such a time as to result in deformity.

On June 28, 1923, one Quan Sing Foon, claimed by appellant to be his father's brother, testified that his (Quan Sing Foon's) father had died about three years and his mother about two years prior thereto, whereas appellant and his two alleged brothers at the present hearing testified that their paternal grandfather died in July, 1923, and that his wife, their paternal grandmother, is still alive and resides in their home in China.

There is also a striking conflict between the present testimony of the applicant and his alleged brothers on the one side and that of their alleged uncle, Quan Sing Foon, given in 1923, upon the other, touching the residence of two boys whom the latter asserted he had adopted and who, according to his testimony, lived in applicant's home, but of whom the applicant and his alleged brothers testified they had no knowledge.

The other three conflicts relate to the arrangement and location of buildings in applicant's alleged home village. These latter, we think, may be regarded as of minor importance, and it seems highly prob-

able that Quan Sing Foon testified falsely in respect to the alleged adopted sons. Also a more or less plausible explanation may be made to minimize the significance of the second discrepancy. But, after all, we are unable to say that the immigration officers acted arbitrarily, capriciously, or unreasonably in declining to believe applicant and his two brothers; upon the record as made such an issue in a law case would, we think, be one for the jury. We are therefore of the opinion that the lower court was right in dismissing the petition. The applicable rules are so familiar that a citation of cases is scarcely necessary, but see Chin Share Nging v. Nagle (C. C. A.) 27 F.(2d) 848; Hom Dong Wah v. Weedin (C. C. A.) 24 F.(2d) 774; Lui Tse Chew v. Nagle (C. C. A.) 15 F.(2d) 636; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606.

Affirmed.