## YEE CHUN v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1929.

No. 5846.

Stephen M. White, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant first applied for admission to the United States on August 11, 1926, basing his application on the claim of United States citizenship. He then claimed, and now claims, to be the son of Yee Wing Quin, a native-born citizen of the United States, whose citizenship is conceded.

At the hearing then had before a board of special inquiry, the appellant, his alleged father, and an alleged prior landed brother were examined at length, and the application for admission was denied; the board finding that the claimed relationship was not satisfactorily established because of certain discrepancies in the testimony. A number of such discrepancies were pointed out. The principal and more important one related to the school attended in China by the appellant and his alleged prior landed brother.

The alleged father testified that the name of his village was Hon Hong, consisting of 19 dwellings, arranged in six rows; that the school was at the tail or west side of the village and stood alone; that the Ai You Ancestral Hall was at the head or east side of the village and stood alone; that the name of the school was Hon Hong; that the appellant attended this school from the time he was 7 years of age until June, 1926, shortly before his departure for the United States; that the alleged prior landed brother attended this school also; that neither the appellant nor the alleged prior landed brother attended any other school in China; and that the witness visited the school while in China, shortly before his testimony was given. The testimony of the alleged prior landed brother was substantially the same as that of his father. He testified that he and the appellant attended the Hon Hong school, and never attended school elsewhere in China; that he visited the school on two or three occasions while last in China, shortly before his testimony was given; and that on those visits the appellant was present in the school.

The appellant, on the other hand, testified explicitly that he never attended the Hon Hong school at all; that he attended school in the ancestral hall on the other side of the village; that his alleged prior landed brother never attended the Hon Hong school; that no school was ever held in that place, but always in the ancestral hall; and that the Hon Hong school was used for a lantern celebration.

The excluding decision of the Board of Special Inquiry was affirmed on appeal and the appellant was returned to China. After the expiration of a year from the date of his return, he again applied for admission, on the same ground, and gave the name of Yee Moon Chow as an additional witness. On the second hearing the appellant was again excluded, and the excluding decision was again affirmed. The second hearing before the board of special inquiry was confined largely to an inquiry into the acquaintanceship between the additional witness and the appellant.

The specifications of error are, first, that the hearing was unfair, because the appellant was not given an opportunity to present all available evidence in support of his claim of relationship to his alleged father; and, second, that there was no substantial evidence to support the first order of exclusion, and that, inasmuch as the second order was based on the same ground, it, too, is without support. ██ Under the first specification of error, it is not claimed that any testimony was excluded by the board, nor is it claimed that the appellant was not given an opportunity to offer such testimony as he desired. The principal contention seems to be that on the second hearing it was the duty of the board to re-examine the appellant and his former witnesses at length, and to make full inquiry into the question of relationship. But we do not understand that any such duty devolved upon the board. Its right to consider testimony contained in other official records is well settled. Tang Tun v. Edsell, 223 U. S. 673, 681, 32 S. Ct. 359, 56 L. Ed. 606; Lui Tse Chew v. Nagle (C. C. A.) 15 F.(2d) 636. And this would seem to be especially true, where the applicant for admission and the witnesses in the two records are the same. Nor is it material that the two boards were differently constituted. Dong Ying Fun v. Nagle (C. C. A.) 5 F.(2d) 310; Hom Moon Ong v. Nagle (C. C. A.) 32 F.(2d) 470. The appellant, on the second hearing, was fully aware of the reasons assigned for his exclusion on the first hearing, and he had full opportunity to explain the discrepancies in the testimony if he so desired.

Furthermore, if the board of special inquiry had on the second application covered the same ground as was covered by the first, we cannot see wherein it would avail the appellant. The first examination was full and exhaustive, and, if the second examination disclosed the same testimony, the repetition would be of no avail. If, on the other hand, the testimony given upon the two hearings was materially different, it would work to the disadvantage of the appellant, rather than to his advantage. For these reasons, the charge of unfairness is not sustained by the record. ██ Nor can we see any merit in the second contention. The place where the appellant and his alleged prior landed brother attended school was necessarily within the personal knowledge of all three witnesses, and the discrepancy in their testimony in that regard is not easily accounted for. At least, the finding of the board that the relationship was not established to its satisfaction is not without support in the testimony.

The order is therefore affirmed.