### WONG SOM YIN v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
February 10, 1930.

No. 6003.

894

George A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. ■ Upon ·the claim that he is the foreign-born son of an American citizen, the appellant, a male Chinese aged 23 years, sought admission to the United States. His application having, after hearing, been denied, he brought this proceeding to obtain a writ of habeas corpus. By the lower court his petition was denied, and he appeals. His only contention is that the evidence submitted to the immigration officers was sufficient to require a finding of the alleged relationship, and that their refusal so to find was arbitrary.

On his return from a visit to China, on November 8, 1906, the alleged father testified that he then had "only one son, Wong Gee Bing, 7 years old." Upon a subsequent return, on April 29, 1912, he again gave testimony in respect of his family, wherein he stated that he then had three boys, Wong Gee Bing, 14 years old, and Wong Som Yin and Wong Som Koon, twins, 7 years old, born on July 12, 1906, which date, it will be noted, was approximately four months prior to his former landing, at which time he testified he had but one son. Appellant's testimony is that he was born on November 8, 1906, which is the very day upon which his alleged father landed in this country upon his first return from China; and it is to be added that upon different occasions from 1918 on the alleged father testified that he had a son of the name claimed by appellant, born on November 8, 1906. It will be observed that, if it were not for the testimony given on April 29, 1912, the apparent· discrepancy in the alleged father's testimony at other times could be reasonably explained upon the assumption that on November 8, 1906 he did not know of the birth of the alleged twins, and that therefore, when he testified at that time that he had only one son, he might have been acting in the utmost good faith. But we find no reasonable theory upon which to explain the conflict of testimony of April 29, 1912, with his testimony given on the other occasions. And there are other discrepancies of less serious import.

■ Counsel for appellant urge that the finding of the officers of a fair resemblance between appellant and the alleged father should be regarded as having controlling weight, and that the discrepancy as to date of birth should be attributed to an error in recollection. But, while undoubtedly resemblance constitutes competent evidence and under certain circumstances may be very persuasive, it cannot be regarded as conclusive. Clearly resemblance does not necessarily establish the relationship here asserted, for not infrequently there is a strong resemblance between more distant relatives, and, though the appellant· may be related to the alleged father, he is not ·entitled to admission unless the relationship is that of father and son.

Upon the record we cannot say that the immigration officers acted unreasonably in declining to find the alleged relationship, and hence the judgment will be affirmed.