## LOUIE LUNG GOOEY v. NAGLE, Commissioner of Immigration.

### No. 6367.

Circuit Court of Appeals, Ninth Circuit.

May 18, 1931.

Joseph E. Isaacs and Alan H. Critcher, both of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order of the District Court for the Southern Division of the Northern District of California denying appellant's petition for a writ of habeas corpus. Louie Shaw Gim claimed admission to the United States on the ground that he was the son of Louie Lung Gooey, whose citizenship was established in 1909. Admission was denied by a Board of Special Inquiry, and the excluding decision was affirmed by the Secretary of Labor on appeal. To review that decision habeas corpus proceedings were instituted in the court below,

Appellant contends that Louie Shaw Gim was denied a fair hearing in that the personnel of the Board of Special Inquiry was changed during the course of the hearing. The Board is an administrative board and not a judicial tribunal, and such changes are within its powers and do not affect the validity of its decisions. Unfairness and arbitrariness do not necessarily follow from the fact that the membership was changed during the time the hearing of the applicant was in progress. "There is nothing in the petition in the present case to indicate that at the final hearing all the testimony taken in prior hearings was not considered by three members of the board in disposing of the question of the appellant's right to enter the United States." Hom Moon' Ong v. Nagle, 32 F.(2d) 470, 472 (C. C. A. 9). See, also, Dong Ying Fun v. Nagle, 5 F.(2d) 310 (C. C. A. 9).

Appellant contends that applicant was further denied a fair hearing in that the members of the Board, after examining the applicant and his alleged father together, asserted that there was some resemblance in the physi-

cal appearance of the two, but refused to make that a basis of admission. "Clearly resemblance does not necessarily establish the relationship here asserted, for not infrequently there is a strong resemblance between more distant relatives." Wong Som Yin v. Nagle, 37 F.(2d) 893, 894 (C. C. A. 9).

Appellant maintains also that the Board of Special Inquiry acted arbitrarily in reaching its conclusions, but we find nothing in the record to support this contention. We cannot too often repeat that, in immigration cases of this character brought before us for review, the question is not whether we, with the same facts before us originally, might have found differently from the Board; rather is it a question of determining simply whether or not the hearing was conducted with due regard to those rights of the applicant that are embraced in the phrase "due process of law." Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 363, 56 L. Ed. 606. Even if we were firmly convinced that the Board's decision was wrong, if it were shown that they had not acted arbitrarily, but had reached their conclusions after a fair consideration of all the facts presented, we should have no recourse. "The denial of a fair hearing cannot be established by proving that the decision was wrong." Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 203, 52 L. Ed. 369.

The record in the case shows that the testimony of the father and that of the alleged son were in accord with regard to such matters as the names and birthdates of the children of Louie Lung Gooey, with regard to the parents of Louie Lung Gooey and their five children, with regard to a description of the family village Leung On in China, and with regard to many of the details of family life on which applicants are usually questioned. But they disagreed in the following particulars: With regard to the last visit of the father to China in 1925–26, the petitioner testified that the two little girls slept in the girls' house in the village, while Louie Shaw Gim said that no such house existed, and that the girls slept in the room with their parents; petitioner testified that on the last visit to China he made a few trips of several days' duration away from home, while the alleged son testified that he did not; petitioner testified that the watch tower was finished before he arrived home, whereas Louie Shaw Gim testified that the watch tower was built while his "father" was at home; the petitioner testified that there were sockets in the threshold of the gates of the village in which to set poles, and the son testified that there were no such sockets. Another factor which may have influenced the mind of the Board was the fact that at the time the applicant applied for admission into the United States he had blood relatives living in San Francisco who knew of the claimed relationship, but who were not called as witnesses. When asked about this, the petitioner said that he had called his friend, and not his relatives, as a witness because the former had testified for him on a previous occasion and "we are very good friends."

The record shows no overwhelming weight of evidence, no facts presented to reject which "would be equivalent to a refusal to hear them at all, and would be a flagrant disregard of the fundamental principles for the administration of justice." Gung You v. Nagle, 34 F.(2d) 848, 850, (C. C. A. 9).

The question of decisions of Boards of Special Inquiry based on the development of discrepancies has been considered by this court so often that we deem it unnecessary to go into a more prolonged discussion. See Go Lun v. Nagle (C. C. A.) 22 F.(2d) 246; Gung You v. Nagle, supra; Hom Chung v. Nagle (C. C. A.) 41 F.(2d) 126; Louie Poy Hok v. Nagle (C. C. A.) 48 F.(2d) 753.

Judgment affirmed.

WILBUR, Circuit Judge, concurs.