276

Ex parte MASAMICHI IKEDA.

MASAMICHI IKEDA v. BURNETT, District Director of Immigration.

No. 7205.

Circuit Court of Appeals, Ninth Circuit. Dec. 13, 1933.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant is a native and subject of Japan, and was ordered deported by the Secretary of Labor on the following grounds: (a) That he is in the United States in violation of the Immigration Act of 1924 (8 USCA § 213 (a), in that at the time of his entry, he was not in possession of an unexpired immigration visa; and (b) that he is in the United States in violation of the Immigration Act of 1924, in that he is an alien ineligible to citizenship and is not exempted by paragraph (c), section 13, thereof (8 USCA § 213 (c).

Appellant filed a petition in the District Court for a writ of habeas corpus alleging, in substance, that his deportation was barred by the provisions of section 19 of the Immigration Act of 1917 (8 USCA § 155), that there was no evidence to sustain the warrant of deportation, and that he was not given a fair hearing. From the order of the District Court of the United States dismissing his writ of habeas corpus and remanding him to the custody of the Immigration Service appellant brings this appeal.

Appellant admits that he is of the Japanese race, and that at the time of his entry he was not possessed of an immigration visa. He also admits that he entered the United States surreptitiously from Mexicali, Mexico, but alleges that his entry occurred on April 15, 1923, and that he has resided in the United States continuously from that date on.

At the time of the alleged entry of appellant, section 19 of the Immigration Act of 1917 (8 USCA § 155) which was then in force, provided that "At any time within five

years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * "

If appellant did in fact enter the United States on April 15, 1923, as he alleges, it is conceded that he would not be subject to deportation because of the expiration of the five-year limitation fixed in the Immigration Act of 1917 for such action (39 Stat. 874, 889, § 19 [8 USCA § 155]). If, on the other hand, appellant did not enter the United States until after July 1, 1924, the effective date of the Immigration Act of 1924, it is conceded he would be subject to deportation notwithstanding the lapse of five years since his entry under section 14 of that act (8 USCA § 214), which provides as follows: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this subchapter to enter the United States, or to have remained therein for a longer time than permitted under this subchapter or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917 [sections 155 and 156 of this title]. * * * " Takaji Mukai v. Burnett (C. C. A.) 62 F.(2d) 355, and cases cited; Ex parte Keizo Kamiyama (C. C. A.) 44 F.(2d) 503.

It is true that appellant testified that he entered the United States on April 15, 1923. However, at the hearing before the inspector on May 8, 1931, appellant repeatedly and positively testified that he was living on the Yamamoto ranch in Mexico at the time of the earthquake which partially destroyed Tokio and Yokohama, Japan (September 1, 1923), and that he remained there about six months after he received news of that earthquake. After appellant was told the date of the earthquake and asked if he were not mistaken as to the date he entered the United States, he would not answer. On subsequent hearings upon the warrant of arrest, appellant testified that he came to the United States four or five months before the earthquake, claiming that he was mistaken in his former testimony as to his whereabouts at the time of the earthquake.

■■ Under these circumstances the immigration authorities were not bound to accept his testimony that he entered the United States prior to July 1, 1924. The credibility of witnesses is a matter exclusively for the Department, unless it can be said from the record that the refusal to ascribe credit to

such testimony is arbitrary. See Wong Fat Shuen v. Nagle (C. C. A.) 7 F.(2d) 611; Imazo Itow v. Nagle (C. C. A.) 24 F.(2d) 526; Leffer v. Nagle (C. C. A.) 22 F.(2d) 800.

Appellant testified that he stayed at Shirasawa's house at 3313 South San Pedro street, Los Angeles, Cal., for about two years after he entered the United States, that is, from 1923 to 1925, while Shichigo Shimada, one of appellant's witnesses, testified that appellant lived at his hotel at 1020 Dewey street for a year from 1924 to 1925. This discrepancy also bears on the credibility of appellant and his witnesses.

■ In view of the statement of the appellant under oath that he was in Mexico about six months after September, 1923, the immigration authorities cannot be said to have acted arbitrarily in rejecting the testimony of appellant's witnesses to the effect that he was seen by them in the United States prior to that date. Honest witnesses are apt to be mistaken in dates, and dishonest ones have little to fear from deliberate falsehood as to dates because of that fact.

Section 23 of the Immigration Act of 1924 (8 USCA § 221) places the burden on the alien to show his right to remain in the United States, and in this case appellant has failed to sustain that burden. Ex parte Keizo Kamiyama (C. C. A.) 44 F.(2d) 503.

Appellant also contends that he was denied a fair hearing. He offered as exhibits in this case five envelopes addressed to M. Ikeda, 3313 So. San Pedro street, Los Angeles, Cal. Moriji Kadamatsu testified that he was a witness in the deportation proceedings brought against one Masahara Sata and had then identified that alien as Masami Ikeda. He was then asked if he had not presented at that hearing one of the envelopes offered in this case as belonging to Masahara Sata, which he denied.

There is, then, no evidence in the record in this case that the envelope was used in the "Masami Ikeda" case. The Board of Review, in its statement of the evidence in this case, makes the erroneous statement that at least one of these envelopes was used in the deportation proceedings of Masahara Sata.

■ In view of the fact that, as pointed out above, the immigration authorities cannot be said to have been arbitrary in rejecting appellant's evidence, it is immaterial that the Board of Review may have been influenced in so doing by the erroneous impression or recollection of the evidence taken before the in-

spector affecting the credibility of one of appellant's witnesses as stated in their opinion, recommending that appellant be deported.

 Appellant also objected to the use of the immigration file of the proceedings for deportation of Masahara Sata and the reading of part of the testimony of Masahara Sata therefrom into the record in this case. It is well settled that the immigration authorities may consider testimony contained in their official files and are not bound by the strict rules of evidence in deportation proceedings. Lui Tse Chew v. Nagle (C. C. A.) 15 F.(2d) 636; Yee Chun v. Nagle (C. C. A.) 35 F. (2d) 839; Ex parte Keizo Kamiyama, supra; Ex parte Seisuke Fukumoto (C. C. A.) 53 F.(2d) 618.

We are of the opinion that appellant had a fair hearing, and the order is therefore affirmed.

Affirmed.