**MAITA v. HAFF, District Director of Immigration and Naturalization.**

No. 9568.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1940.

Chauncey Tramutolo, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and Louis R. Mercado, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appeal in this case is from an order of the district court denying the alien appellant's application for a writ of habeas corpus. Appellant contends that the court erred in denying the application on the grounds that a fair hearing was not afforded him and that the evidence does not support the order of deportation.

Appellant, who had served two prior sentences for violation of the prohibition laws, on November 24, 1936, on a plea of guilty to a charge of engaging in the business of a distiller of alcohol with intent to defraud the United States of the tax on the spirits distilled, was sentenced to McNeil's Island penitentiary. This crime involves moral turpitude. While so imprisoned, appellant was examined, on January 17, 1937, by the immigration inspector. At that time appellant stated under oath that he first came to the United States in April, 1906, and that he had subsequently made a visit to Mexico "about four years ago"— that is, in 1933, within five years before his conviction, for a second time he entered the country.

Upon further questioning appellant stated that he had traveled "by auto in my sons' car." He was then asked:

"Q. That was four years ago? A. I think so, it was three or four months before the country went wet. It was in the summer."

Upon these statements of appellant a warrant of arrest was issued by the Secretary of Labor, appellant was arrested and

proceedings for his deportation commenced under the provision of § 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, which reads: "* * * except as hereinafter provided, any alien who is hereafter [after February 5, 1917] sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

A few days after the warrant of arrest was issued, an attorney for appellant at Washington, D. C., requested the Department to notify him when the record of the hearing was received so that he might appear before the Board of Review in appellant's behalf. Subsequently a hearing was held at the penitentiary. Appellant was informed of the purpose of the hearing, the warrant of arrest was read and explained to him, and he was advised of his right to counsel, which he declined. The charge in the warrant of arrest was again read to him and he was asked what he had to say concerning it. He described his family ties in this country, stated that the charge contained in the warrant was true, as were the statements he had previously made to the inspector, and that he had no witnesses that he wished to testify in his behalf.

Following the receipt of this information, a hearing was held in Washington at which appellant's counsel appeared. A memorandum of the facts and contentions was made by the Board and the warrant of deportation issued, but stayed pending appellant's attempt to secure a pardon. Appellant's petition for the pardon stated his entry in 1933. Thereafter, appellant's counsel requested the Department to reopen the case on the ground that appellant's last entry had been in 1929 rather than 1933. This petition was denied but subsequently granted pursuant to an order of the court below remanding the case to the immigration authorities for further hearing to give appellant opportunity to present further evidence.

At the hearing in the reopened proceeding appellant testified he misunderstood the questions put to him by the immigration officials and that what he said was that his visit to Mexico was three or four years, not three or four months, before repeal of prohibition on December 5, 1933, but he admitted that he "told them [the immigration officials] it was three or four years before the time they examined me" on January 13, 1937. His testimony concerning a trip in 1929 to Mexico, not in his sons' car, but in his own, was corroborated. He testified that this was his only trip to Mexico and his wife, after hesitating to swear to it, finally testified that appellant had not made a trip to Mexico in 1933.

The determination of the veracity and accuracy of memory of appellant and his wife was for the administrative body. His statements to the officers, though later contradicted, constitute substantial evidence to support a finding that appellant entered the United States within five years prior to his conviction. Masamichi Ikeda v. Burnett, 9 Cir., 68 F.2d 276; Ematsu Kishimoto v. Carr, 9 Cir., 32 F.2d 991; Cahan v. Carr, 9 Cir., 47 F.2d 604; Keitaro Karamoto v. Burnett, 9 Cir., 68 F.2d 278.

The fact we might conclude that other inferences should have been drawn from the testimony as a whole does not make the proceeding an unfair one. The situation is governed by United States ex rel. Tisi v. Tod, 264 U.S. 131, 133, 44 S.Ct. 260, 68 L.Ed. 590, and does not present the unusual considerations in Nagle v. Eizaguirre, 9 Cir., 41 F.2d 735.

Affirmed.