KAZUE SUMI v. CARMICHAEL, District Immigration Director.

No. 9628.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1941.

Theodore E. Bowen, of Los Angeles, Cal., for petitioner.

Wm. Fleet Palmer, U. S. Atty., and Ralph Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from the district court's action in a habeas corpus proceeding in discharging the writ and remanding the petitioner to the custody of the Immigration authorities.

Appellant is a young Japanese woman who entered into a marriage by correspondence with a Japanese who is a citizen of this country. Following this, appellant took passage on a boat from Japan for Mexico, via the United States, securing a permit to stop over for a short period in this country. After visiting her husband here for a short time, appellant continued her trip to Mexico on or about January 8, 1931. Appellant remained in Mexico for about four months. Then, on or about June 3, 1931, she and two other Japanese aliens boarded a gas motor boat at Ensenada, Mexico, and surreptitiously entered the United States. This was in time brought to the attention of the United States and the alien was taken into custody under a warrant issued March 4, 1937.

On February 11, 1939, a warrant of deportation was issued directing the alien's deportation to Japan, it having been found that she had entered at San Pedro, California, on or about June 3, 1931, and that she was subject to deportation under the provisions of the Immigration Act of 1924 in that (1) at the time of entry she was not in possession of an unexpired immigration visa; and that (2) she is an alien ineligible to citizenship and not exempted by paragraph (c), section 13 thereof, 8 U.S.C.A. § 213(c). Appellant does not claim here that she is entitled to remain in the United States.

Appellant's sole claim of error below is that she should have been ordered deported to Mexico rather than to Japan. The immigration Act of 1917, section 20, 8 U.S.C.A. 156, provides, inter alia, that, at the option of the Secretary of Labor, such an alien shall be ordered deported to the country whence she came or to the foreign port at which she embarked for the United States.

This Act thus vests the selection of the place to which the alien shall be deported in the Secretary of Labor. United States ex rel. Hudak v. Uhl, 20 F.Supp. 928, affirmed, 2 Cir., 96 F.2d 1023; United States ex rel. Karamian v. Curran, 2 Cir., 16 F.2d 958; Keitaro Karamoto v. Burnett, 9 Cir., 68 F.2d 278; United States v. Testolinin, 5 Cir., 4 F.2d 76. The courts have no au-

thority to compel the Secretary of Labor to choose one or another of the alternative destinations.

The order dismissing the writ and remanding the petitioner is affirmed.

Affirmed.