## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 7740. Decided February 26, 1909.]

MABEL CORBETT, *Respondent*, v. MATTHEW SLOAN, *Appellant*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—GIFTS—FRAUDULENT CONVEYANCE—EVIDENCE—SUFFICIENCY. It sufficiently appears, within the rule casting the burden of proof upon the wife in case of a gift from the husband, that real property standing in the name of the wife was her separate property, where there was nothing to impeach the testimony of the parties that the money with which it was purchased was secured by the husband for personal injuries sustained, and given by him to his wife, and the deed taken in her name, upon legal advice, in order to effect a gift thereof to her, in the absence of creditors of the husband at the time the gift was made, although the husband paid taxes for two years and some interest, and the wife's deed was not at once recorded.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 2, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to quiet title. Affirmed.

*Murphine & Collins* and *W. V. Tanner*, for appellant.

*Reynolds, Ballinger & Hutson*, for respondent.

GOSE, J.—This action was commenced by the respondent against the appellant and the defendant, to quiet title to certain real property, situated in the city of Seattle. From a

[1] Reported in 99 Pac. 1025.

decree quieting title in the respondent, this appeal is prosecuted.

The appellant relies upon two questions for a reversal: (1) The admission in evidence of a privileged communication; (2) insufficiency of the evidence to support the decree. The view we take of the evidence, aside from that claimed to be privileged, renders it unnecessary to consider the first question.

The respondent and the defendant were husband and wife at the time the property was purchased, and at the time of the trial. On March 10, 1905, the property was purchased, for a consideration of $1,600, and the deed of conveyance was taken in the name of the respondent. At the time of the conveyance, all of the purchase price had been paid, save a small mortgage, which had not been paid at the time of the trial. At the time of the purchase, the respondent and her husband took possession of the property, and the respondent lived on the same for about three years, after which she rented it and collected and retained the rental. In the month of April, 1907, the appellant recovered a judgment against the husband, and on the 8th day of June, 1907, had the property sold under an execution issued upon such judgment. The appellant was the purchaser at such sale and received, and in due time filed for record, the sheriff's certificate of sale. The purpose of this action is to remove the cloud cast upon the title by the filing of such certificate.

The single question presented is whether the property at the time of the rendition of the judgment was the separate property of the respondent, or the community property of the respondent and her husband. The defendant was called as a witness on behalf of the respondent, and testified that, shortly before the purchase of the property, he had recovered a judgment in a personal injury suit, waged in his behalf, and had collected thereon the sum of $3,680; that, upon receiving the money, he took it home, threw it into his wife's lap, and gave it to her; that he and the respondent then went to the bank, and at her suggestion he deposited the money in his name; that

he had the deed drawn in favor of the respondent for the purpose of making it her private property; that upon the delivery of the deed to him he gave it to her and told her it was her property; that it was not his intention to have any community interest in the same; that he paid for the property in excess of the mortgage from the money he had given the respondent; that he had theretofore taken legal advice as to the method to be pursued to vest the title in respondent. The respondent testified that her husband brought the judgment money home and gave it to her; that he also gave her the deed and told her that it was her property; that she put the deed away and kept it. Mrs. Chapman, a sister of the respondent, gave evidence to the effect that, shortly after the purchase, the husband told her that he had given the respondent the money with which to buy the property, and that he had no interest in it. Mrs. Lilligren, one of the grantors, testified that, a few days before the deed was executed, the respondent stated to her that the property when purchased was to be her property, and that the husband thereupon remarked, "All right."

To overcome these facts, it was shown that the deed was not recorded until September 13, 1907, that the husband paid the taxes, and that he paid two installments of interest on the mortgage. Such facts do not impeach the integrity of the original transaction. In the absence of evidence that the appellant was a creditor when the property was purchased, it was competent for the husband to make a gift of the property to the respondent. The respondent's title depends entirely on the intention of the parties, and their good faith at the time of the transaction. Property acquired by either spouse after marriage, by gift, is the separate property of the spouse acquiring the same. Bal. Code, §§ 4488, 4489 (P. C §§ 3875, 3867). The burden of proof is on the respondent to show the *bona fides* of the transaction. Bal. Code, § 4580 (P. C. § 3864).

The evidence herein discussed convinces us that the prop-

erty in controversy is the separate property of the respondent, and the decree is therefore affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, MOUNT, DUNBAR, and CROW, JJ., concur.