## WARDLAW v. UNITED STATES.

### No. 14105.

United States Court of Appeals
Fifth Circuit.
April 17, 1953.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The appellant was convicted of willfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him and his wife for the years 1948 and 1949, 26 U.S.C.A. § 145(b).[1] The appellant admitted that he failed to report the larger portion of his income and reported only his salary as Assistant District Attorney of Tarrant County, Texas. He denied that his conduct was willful or that he had any evil motive or intent to defraud, and insisted that he acted under a *bona fide* misconception of the income tax law. In wholly failing to report his fees from private law practice, he claimed that he thought his deductions would more than offset those fees and that it was not necessary to report them. It was further his understanding, so he claimed, that income invested in capital assets need not be reported until the property was sold.

▆ It is now settled that "willfully", as used in this offense, means more than intentionally or voluntarily, and includes an evil motive or bad purpose, so that evidence of an actual *bona fide* misconception of the law, such as would negative knowledge of the existence of the obligation, would, if believed by the jury, justify a verdict for the defendant.[2]

▆ Claimed ignorance, however, could hardly be established so conclusively as to justify a directed verdict. It seems to be conceded that the appellant intentionally, though (he claims) mistakenly, failed to include a large part of his income in his return. That is more than

Will A. Morriss, Sr., San Antonio, Tex., Clyde W. Mays and Dave T. Miller, Fort Worth, Tex., Howard Dailey and Clyde G. Hood, Dallas, Tex., Hood & Dailey, Dallas, Tex., Mays & Mays, Fort Worth, Tex., Morriss, Morriss, Boatwright & Lewis, San Antonio, Tex., of counsel, for appellant.

R. Daniel Settle, Sp. Asst. to U. S. Atty., Frank B. Potter, U. S. Atty., and Cavett S. Binion, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

1. "(b) *Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Hargrove v. United States, 5 Cir., 67 F.2d 820, 90 A.L.R. 1276; Haigler v. United States, 10 Cir., 172 F.2d 986; Battjes v. United States, 6 Cir., 172 F.2d 1; Gaunt v. United States, 1 Cir., 184 F.2d 284; Balter, Fraud Under Federal Tax Law, Sec. 18, p. 37, Sec. 158, p. 267 and Sec. 161, pp. 269–271.

the mere failure to return income and pay the tax on it held insufficient to constitute the offense of willfully attempting to defeat and evade the income tax in Jones v. United States, 5 Cir., 164 F.2d 398.[3] Further, the Government offered evidence from which the jury might have concluded that appellant's return for a previous year, and his treatment of income from sales of other assets were inconsistent with his claimed misconception of the law; and the Government insists with some force that appellant's conduct in reporting only his salary as a public official was because he knew that that salary was a matter of public information. It was for the jury to say whether the appellant had the requisite criminal intent, that is whether he willfully and knowingly attempted to defeat and evade income tax. See United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Schuermann v. United States, 8 Cir., 174 F.2d 397.

▉ The defense in this case was founded entirely on a denial of the necessary criminal intent. The comments and remarks of the court[4] in the presence of

---

3. Jones v. United States, supra, was based upon Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, where the Supreme Court drew the distinction between the misdemeanor of willfully failing to make a return and pay the tax, section 145(a), and the felony of willfully attempting to evade or defeat the tax, see § 145(b). To commit the felony requires some affirmative action implied from the term "attempt". Willfully making a false return may constitute that affirmative action and is to be distinguished from a mere omission to make any return. Indeed, under section 145 (c), the making of a willfully false return in and of itself constitutes a felony.

4. "Counsel, aren't you in this attitude, suppose I am a country boy, and driving an automobile up and down the country roads and never seen a red light, but drive into Dallas, and run a red light, I didn't know I was doing wrong, and that fact would be a mitigating circumstance, that the traffic regulations should consider, perhaps, or—

\* \* \* \* \* \* \*

"I know there is bound to be, there is a line of demarcation there, else, a cannibal could eat his neighbor's children, and believe it is all right.

\* \* \* \* \* \* \*

"I think if you are practicing before a State Jury, that is going to assess the penalty. This Jury is not going to assess the penalty.

\* \* \* \* \* \* \*

"I think your situation, Counsel, is, that you, in your effort to show good faith, are endeavoring to show that the Defendant did not know what the tax law was, and therefore, he intentionally did no wrong. Now, that, we do think, would be mitigating in the way of penalty, but we do not think it would excuse him on the question of guilt or innocence.

\* \* \* \* \* \* \*

"I cannot follow your deduction, except that the honest belief of a man, if he is sincere, would wipe out even the criminal statutes of the country.

\* \* \* \* \* \* \*

"I think you can show just what occurred, and you might go even to the point of arguing that, since he was not intending to do these things, that maybe he should have some consideration in that respect, just as a man's good reputation is entitled to be considered. But, I don't think you can go to the point, Counsel, of showing that a man did not know he was doing wrong.

\* \* \* \* \* \* \*

"I would not refuse to let you present them, but I still say that—it would be something new to me, if a man can be excused for violating the law, because he did not know he violated it.

\* \* \* \* \* \* \*

"I think, Counsel, the matter is virtually covered by the same question we had up awhile ago, that a man cannot just say that, 'I did not know I was doing wrong', and thereby avoid the responsibility; he may offer it as tending to lessen the punishment, but, since this Jury does not pass on the punishment, I don't see how it could be admissible. The Court will hear you, if a question of law arises, whereby he must act without the law being offered in evidence.

\* \* \* \* \* \* \*

"Then, would you be in the position of having to prove the truthfulness of your statement, when he said he did not know it was wrong to run it?

\* \* \* \* \* \* \*

"I will let you have the evidence on everything that transpired, and I will let you argue it, I don't think I could let the record be made a man did not know he was breaking the law."

the jury would have had no effect other than to impress the jury with the belief that there was no good faith defense. Further, the court, after telling the jury that the attempt to defeat and evade the tax must be willfully and intentionally done, charged as follows:

> "The presumption is that a person intends the natural consequences of his acts, and the natural presumption would be if a person consciously, knowingly, or intentionally did not set up his income and thereby the government was cheated or defrauded of taxes, that he intended to defeat the tax."

The appellant duly excepted to this charge. We think the exception was good and the giving of this charge was prejudicial error. The intent involved in this offense is not inherent in the act itself, but is a specific intent involving bad purpose and evil motive and that specific intent must be proved by or clearly inferred from the evidence. See authorities Footnote 2, supra.[5]

We find it unnecessary to pass upon the other specifications of error. The judgment of conviction is reversed and the cause remanded for a new trial.

Reversed and remanded.

5. In a recent case of stealing Government property, 18 U.S.C.A. § 641, where the district judge had said "That [felonious intent] is presumed by his own act", the Supreme Court used the following forceful language:

"We think presumptive intent has no place in this case. A conclusive presumption which testimony could not overthrow would effectively eliminate intent as an ingredient of the offense. A presumption which would permit but not require the jury to assume intent from an isolated fact would prejudge a conclusion which the jury should reach of its own volition. A presumption which would permit the jury to make an assumption which all the evidence considered together does not logically establish would give to a proven fact an artificial and fictional effect. In either case, this presumption would conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime. Such incriminating presumptions are not to be improvised by the judiciary. Even congressional power to facilitate convictions by substituting presumptions for proof is not without limit. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519." Morissette v. United States, 342 U.S. 246, 275, 72 S.Ct. 240, 243, 256, 95 L.Ed. 288.

It has been well said by the Ninth Circuit in Hubbard v. United States, 79 F.2d 850, 853: "An intent to defraud cannot be presumed from an unlawful act which does not naturally bespeak fraud. * * * The color of the act determines the complexion of the intent only in those situations where common experience has found a reliable correlation between a particular act and a corresponding intent."

Even when not reversible error, "The use of the words 'presume' or 'presumption' in this connection is not to be approved." Grayson v. United States, 8 Cir., 107 F.2d 367, 370.