[No. C. D. 1615. *En Banc.* December 12, 1957.]

*In the Matter of the Disciplinary Proceedings Against*
A. SEIJAS, JR., *an Attorney at Law.*[1]

*A. V. Stoneman,* for board of governors.

*Rummens, Griffin, Short & Cressman* and *Clay Nixon,* for respondent.

MALLERY, J.—The respondent attorney was convicted of filing fraudulent income tax returns under the provisions of 26 U. S. C., § 145 (b). He was sentenced to five years' imprisonment in the United States penitentiary at McNeil Island, Washington.

[1] Reported in 318 P. (2d) 961.

The board of governors, after a study of the record, concluded that the conviction involved moral turpitude warranting disbarment by summary procedure. Two members of the board of governors dissented. Mr. Robert O. Beresford did so upon the ground that

". . . our decision could be attacked on the grounds of our failure to afford the respondent attorney a trial on the issue of whether or not his acts which resulted in his conviction did in fact involve moral turpitude."

Mr. Beresford relied upon *In re Hallinan*, 43 Cal. (2d) 243, 272 P. (2d) 768, in which the court said: "Although every conviction for violating section 145, subdivision (b), may not involve moral turpitude, some convictions may."

This is a case of first instance in Washington. The question raised by Mr. Beresford has been most difficult of solution because of the unsettled state of the Federal cases upon the question. At least three different proposals for the disposition of this proceeding have had adherents in this court at one time or another during the pendency of this proceeding.

On November 13, 1957, there was received in the law library in Olympia the opinion in *Tseung Chu v. Cornell*, 247 F. (2d) 929, which reviews all the Federal cases and which we deem to be controlling upon the question of moral turpitude in connection with income tax offenses. The following excerpts will suffice to show its ruling:

"In *Chanan Din Khan v. Barber*, D. C. N. D. Cal., 1957, 147 F. Supp. 771, 775, the same matter was in issue. There the District Court found that a violation of § 145 (b) is a crime involving moral turpitude.

" ' * * * the Courts have, with apparent unanimity, held that in order for a conviction under § 145 (b) to stand, the government is required to prove that the evading taxpayer had a specific intent to evade taxation *amounting to an intent to defraud the United States*. (Emphasis by the Court.) Fraud is so inextricably woven into the term wilfully, *as it is employed in § 145(b)*, that it is clearly an ingredient of the offense proscribed by that section. Only by creating unwarranted semantic distinctions could a contrary conclusion be reached.' (Emphasis added.)

" . . . In discussing the general language of *United States ex rel. Robinson v. Day* [51 F. (2d) 1022], the Court said:

" '*This language means that neither the immigration officials nor the court reviewing their decision may go outside the record of conviction* to determine whether in the particular instance the alien's conduct was immoral. And by the record of conviction we mean *the charge (indictment), plea, verdict, and sentence.* The evidence upon which the verdict was rendered may not be considered, nor may the guilt of the defendant be contradicted. So construed, there is no inconsistency between that opinion and this; and such is plainly the correct construction, because *it is the specific criminal charge of which the alien is found guilty and for which he is sentenced that conditions his deportation,* provided it involves moral turpitude.  \*  \*  \* ' (Emphasis added.) . . .

"*In re Hallinan,* supra [43 Cal. (2d) 243, 272 P. (2d) 768], also quotes *United States v. Carrollo,* supra [30 F. Supp. 3], for the principle that whether or not a crime involves moral turpitude does not depend upon unnecessary adjectives added to the indictment by a 'zealous and over careful prosecutor.' We agree with that principle, but we do not concede, in view of the rule laid down by us in the *Bloch* case [*Bloch v. United States,* 221 F. (2d) 786], and the language of the Supreme Court of the *De George* case [*Jordan v. De George,* 341 U. S. 223, 71 S. Ct. 703, 704, 95 L. Ed. 886], that the language added to the indictment to which appellant here pleaded can be classified as 'unnecessary.'

"We follow the rule laid down in the *De George* case supra, and *Bloch v. United States,* 1955, supra, that an intent to defraud the government is a prerequisite to conviction under section 145 (b) and hence, a conviction thereof where such fraud is charged in the indictment, is conviction of a crime involving moral turpitude."

The charging language of the indictment in the instant proceeding is " . . . did willfully and knowingly attempt to defeat and evade a large part of the income tax due . . . by filing . . . a false and *fraudulent* income tax-return." (Italics ours.)

This language is so similar to the language of the indictments in *Tseung Chu v. Cornell, supra,* that it is precisely in point.

■ The record of conviction herein, consisting of the indictment, plea, verdict, and sentence, is conclusive upon the question of moral turpitude under *Tseung Chu v. Cornell, supra.*

Accordingly, we adopt the recommendation of the majority of the board of governors that the respondent be disbarred.

It is so ordered.

HILL, C. J., DONWORTH, WEAVER, OTT, and FOSTER, JJ., concur.

FINLEY, J. (concurring in the result)—Mr. Seijas was convicted and sentenced for violation of § 145(b) of the internal revenue code. Specifically, *he was charged with filing fraudulent* income tax returns.

The majority opinion recognizes that the decisions of the Federal courts are controlling as to whether or not the element of moral turpitude is involved in the crime committed by Mr. Seijas. I agree. At the present time, however, there is a significant conflict among the Federal decisions as to whether moral turpitude is *inherent* in the commission of crimes involving violation of § 145(b); *i. e.,* whether moral turpitude is an essential element to be proved to sustain *every* conviction of a charge of willful evasion of income tax in violation of § 145(b).

In *United States v. Carrollo* (1939), 30 F. Supp. 3, a United States district court held that a violation of § 145(b) was not a crime involving moral turpitude. Precisely the opposite result was reached by another United States district court in *Chanan Din Khan v. Barber* (1957), 147 F. Supp. 771. In the *Barber* case, the court clearly held that a specific intent to defraud the government is a necessary element to be proved to sustain a conviction under § 145(b), and that any tax fraud involves moral turpitude. In arriving at this result, the district court attempted to distinguish or explain away the decision of the United States supreme court in *United States v. Scharton, infra.*

In *Twentieth Century-Fox Film Corp. v. Lardner* (1954),

216 F. (2d) 844, three judges of the ninth circuit of the United States court of appeals indicated their views quite clearly, but by way of dictum, that fraud, and hence moral turpitude, is not an essential element of every crime committed under § 145(b).

In *Tseung Chu v. Cornell* (1957), 247 F. (2d) 929 (C. A. 9th), three judges of the ninth circuit, including one who participated in the *Lardner* decision, *supra*, indicated their views that fraud is an essential element in the commission of the crime *as charged in the indictment* in the *Cornell* case.

The conflicting decisions of the two district courts in *Carrollo, supra,* and *Barber, supra,* are certainly not too helpful on the question of whether fraud or moral turpitude is inherent in every violation of § 145(b). A careful reading of the opinion in the *Barber* case, *supra,* raises serious doubts as to its analysis of the decision in *United States v. Scharton,* 285 U. S. 518, 76 L. Ed. 917, 52 S. Ct. 416. The *Scharton* case is the only decision in which the question of fraud in relation to crimes committed under § 145(b) has been passed upon by the United States supreme court. In it the court did not pass *directly* upon the question of whether moral turpitude is inherent in *every* conviction of crime involving violation of § 145(b). The specific question presented to the court was whether a prosecution for violation of § 145(b) was controlled by a three-year statute of limitations applicable to *nonfraud cases* rather than a six-year statute of limitations applicable to *fraud cases.* The court held that the six-year statute of limitations (relating to fraud cases) was not applicable; that it applied only in cases involving those statutes which made fraud an essential element in violations thereof. However, in reaching the indicated result, the inference seems to me inescapable that the court had to decide that fraud is not inherent in every violation of § 145(b).

It is a fact which may or may not be too obvious that different views exist among the several United States courts of appeal regarding the extent to which a decision of a three-

judge panel in a particular circuit is binding upon other judges of the circuit. Apparently, there is no uniform procedure by which the decision of a panel is presented to all judges of a circuit for their approval or disapproval before the decision becomes a matter of public record. This raises considerable doubts in my mind as to the binding effect of the *Cornell* case, *supra*, (a) upon other judges of the ninth circuit, and (b) as to its persuasiveness as authority generally.

It is my best judgment that we are dealing in the instant case with a phase of the law which is in a state of flux. As indicated above, I think, insofar as possible, we must rely upon the decisions of the Federal courts to determine whether or not fraud or moral turpitude is involved in violations of § 145(b). It seems to me that there is more than a little confusion and doubt on this question—so much so that it cannot be said positively on the basis of the Federal decisions that *every* violation of § 145(b) involves moral turpitude.

On the other hand, there is no conflict in the Federal cases that fraud must be proved as an essential element in every case in which the indictment alleges that the method of defeating or evading Federal tax was by filing a false and fraudulent income tax return. *Berra v. United States* (1955), 351 U. S. 131, 100 L. Ed. 1013, 76 S. Ct. 685; *Achilli v. United States* (1957), 353 U. S. 373, 1 L. Ed. (2d) 918, 77 S. Ct. 995; *United States v. Rosenblum* (1949, C. A. 7th), 176 F. (2d) 321; *United States v. Raub* (1949, C. A. 7th), 177 F. (2d) 312; *Norwitt v. United States* (1952, C. A. 9th), 195 F. (2d) 127.

In the *Cornell* case, *supra*, the court said:

"Thus whether the crime to which the appellant plead guilty by plea of nolo contendere falls within categories one or three of the Twentieth Century-Fox decision is not decisive. *He was here charged* with making in each of four years 'a false and fraudulent income tax return.' *Fraud may not be an essential element of the crime of wilful attempt to defeat or evade the income tax (United States v. Scharton, 285 U. S. 518, 52 S. Ct. 416, 76 L. Ed. 917), but it can be*

*an essential part of that crime.* Here *fraud was charged as part and parcel of the crime,* and to that crime so involving appellant's alleged fraudulent acts, appellant plead nolo." (Italics mine.)

As emphasized in the majority opinion, there is other language in the *Cornell* case, *supra,* which can be interpreted to mean that all crimes under § 145(b) involve fraud or moral turpitude. But this language is *immediately qualified* by the statement, "where such fraud is charged in the indictment." I am convinced that the *Cornell* case, *supra,* stands for the proposition that only where the method of tax evasion charged in the indictment necessarily involves fraud is a conviction or a plea of guilty or *nolo contendere* conclusive as to fraud or moral turpitude. When it is construed in this manner, I am content to rely upon the *Cornell* case as authority for the end result reached by the majority in the case at bar: namely, that, since the method of tax evasion charged in the indictment necessarily involves fraud, the issue of fraud and moral turpitude was determined in the criminal trial of Mr. Seijas for tax evasion in violation of § 145(b). It follows that he has no constitutional right to be reheard on this issue in the disciplinary proceedings, and that the summary action by the board of governors in the instant case was appropriate. On the basis stated herein, I concur in the result reached in the majority opinion: that this court should approve the recommendation of the board of governors for the disbarment of Mr. Seijas.

ROSELLINI, J., concurs with FINLEY, J.

July 1, 1958. Petition for rehearing denied.