**UNITED STATES of America,**
**Appellee,**

v.

**Nathaniel MADDEN, Appellant.**

**No. 8496.**

United States Court of Appeals
Fourth Circuit.

Argued March 20, 1962.

Decided March 22, 1962.

Harold J. Rogers, Washington, D. C. (Daniel A. Cerio, Falls Church, Va., on brief), for appellant.

Plato Cacheris, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

Nathaniel Madden asks us to set aside his conviction on charges of willful income tax evasion by filing false and fraudulent returns for the years 1956, 1957 and 1958. It was stipulated that his income for those years was understated. The prosecution was based on the omission of specific items of income. Following indictment but before his jury trial, he prepared and filed amended returns.

Income tax returns were originally prepared by accountants from journal sheets submitted to them monthly by Madden showing only certain items of income. Investigation disclosed that all income from his business was recorded on cards kept in his office but only a portion of such income was reflected on the journal sheets, of which fact the accountants had no knowledge. The unreported items were admittedly used primarily by taxpayer for the purchase of an apartment building, for divorce proceedings and for his personal living expenses.

Defendant contends that no evidence was adduced by the prosecution to show that he did more than simply understate his income; that there was no evidence to establish an attempt to defeat and evade income tax; that understatement of income does not of itself constitute a violation of Section 7201 Internal Revenue Code of 1954 (26 U.S.C.A. § 7201). A comparison of the cards with Madden's tax returns disclosed that his income was understated by several thousands of dollars in each of the years in question. Found in his records were written statements of total income for certain months in 1956 at variance with the journal sheets and, when asked by Government agents for an explanation, Madden replied that he wanted to see how his business was doing. From the evidence, it cannot be doubted that Madden had full knowledge that the accountants who were to prepare his returns were not being informed of certain specific items of income omitted from the journal sheets. During the course of the investigation, Madden stated to the Government agents: "I goofed," and "I made a mistake. I want to pay what I owe and I am in a better position to pay what I owe right now." He explained that the only income reported to the accountants was income deposited in the bank, and elaborated by stating: "This gets them off the hook and puts me on the hook."

The trial judge carefully charged the jury that the Government must prove all

elements of the offense, including the knowing and willful filing of fraudulent returns with intent to evade and defeat income tax. In our opinion, the case against the defendant presented more than a mere understatement of income. There was evidence of a pattern of concealment of his true income from his accountants with the full knowledge that his returns prepared by them would be incorrect. The proof was sufficient to sustain the jury finding that his purpose was to willfully evade and defeat his tax obligations. We find no error.

Affirmed.