**In the Matter of Nathaniel MADDEN, Appellant.**

**No. 3095.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 5, 1962.

Decided Sept. 24, 1962.

George E. C. Hayes, Washington, D. C., for appellant.

Edmond T. Daly, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., were on the brief, as amicus curiae.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Nathaniel Madden appeals from an order denying his application for renewal of a bondsman's license. The proceeding below was on a rule to show cause why his application should not be denied, in view of his

having been convicted of filing fraudulent income tax returns. Madden was represented by counsel and filed a formal answer and was given a full hearing. There is no claim that the proceeding was not in accordance with the demands of due process.[1] The facts are simple, and not in dispute.

In the United States District Court for the Eastern District of Virginia, in September 1961, a jury had found Madden guilty on all three counts of an indictment charging that he "did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him * * * to the United States of America * * * by filing and causing to be filed with the District Director of Internal Revenue * * * a false and fraudulent joint income tax return * * *" for the years 1956, 1957 and 1958. He took an appeal and the conviction was affirmed. United States v. Madden, 4th Cir., 300 F.2d 757.

▉ In all courts in this jurisdiction the licensing of bondsmen in criminal cases is strictly controlled by statute, which provides:

"* * * no person shall be permitted to engage, either as principal or agent, in the business of becoming surety upon bonds for compensation in criminal cases, who has ever been convicted of any offense involving moral turpitude * * *." Code 1961, § 23-608.

The statute is plain and unambiguous. In order to obtain a license the applicant must be a person who has never been convicted of an offense involving moral turpitude.[2] Conviction of such an offense automatically precludes qualification. The courts have no latitude or discretion in the matter and must

follow the plain mandate of the statute. We are therefore presented with only one question: whether the crime for which Madden stands convicted is an "offense involving moral turpitude" within the meaning of the statute just cited.

In Jordan v. DeGeorge, 341 U.S. 223, 232, 71 S.Ct. 703, 95 L.Ed. 886, a decision which is controlling the Supreme Court said of the meaning of the term "moral turpitude":

"Whatever else the phrase 'crime involving moral turpitude' may mean in peripheral cases, the decided cases make it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude."

In a prosecution under Title 26 U.S.C.A. § 7201, wherein the indictment charges the fraudulent filing of a tax return, proof of fraud is essential.[3] The indictment, verdict and sentence of Madden, under that section, leave no room for doubt that fraud was a necessary element of the prosecution. Hence we must hold that he was convicted of an offense involving moral turpitude within the meaning of our licensing statute.

Appellant places much reliance upon the dissenting opinion in the Jordan case. The thrust of the dissent was that "moral turpitude" is so vague a standard, that a case by case definition of its content would necessarily involve consideration of subjective criteria rooted in individual judges' notions of ethics, and therefore not a proper judicial function. But the majority of the Court held that "moral turpitude" wherein fraud was an ingredient conveyed a sufficient warning to prospective violators so as to render the phrase adequate as a standard. We cannot do other than honor the majority decision.

Affirmed.

1. In re Carter, 89 U.S.App.D.C. 310, 192 F.2d 15, cert. denied, 342 U.S. 862, 72 S.Ct. 89, 96 L.Ed. 648.

2. See, In re Carter, 85 U.S.App.D.C. 229, 177 F.2d 75, cert. denied, 338 U.S. 900, 70 S.Ct. 250, 94 L.Ed. 554.

3. Chanan Din Khan v. Barber, 9th Cir., 253 F.2d 547, cert. denied, 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1364; Tseung Chu v. Cornell, 9th Cir., 247 F.2d 929, cert. denied, 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed.2d 190; In re Seijas, 52 Wash. 2d 1, 318 P.2d 961.