90 N.J. Super. 225 (1966)
217 A.2d 19
ANTONE S. DeMOURA, PLAINTIFF-APPELLANT,
v.
THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND PASCAL J. BAIOCCHI (SUCCESSOR TO AARON H. HASKIN), DIRECTOR, DEPARTMENT OF HEALTH AND WELFARE OF THE CITY OF NEWARK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1965.
Decided February 11, 1966.
Before Judges CONFORD, KILKENNY and LEONARD.
*226 Mr. Leslie S. Kohn argued the cause for appellant.
Mr. Anthony J. Iuliani argued the cause for respondents (Mr. Norman N. Schiff, attorney; Mr. Joseph A. Ward, on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This litigation began October 27, 1959 when appellant DeMoura was suspended from his employment as an electrical inspector with the City of Newark pending a hearing on charges of violation of State Civil Service Rules 59 (k) and (m), dealing with removal of employees for commission of a criminal act and conviction of a criminal offense or misdemeanor involving moral turpitude. It is now before this court for the third time. The opinion rendered on the second appeal is reported as City of Newark v. Dept. of Civil Service, 68 N.J. Super. 416 (App. Div. 1961). In our judgment the litigation has been unduly protracted, and we propose to dispose of it with finality at this time.
Although, as indicated, DeMoura was originally charged with violation of certain civil service rules, the Civil Service Commission, in a decision reversed by this court in City of Newark v. Dept. of Civil Service, supra, found him to have been properly discharged from service by the city because of the effect of the Faulkner Act, under which Newark is governed, which provides that any position holder convicted of a crime involving moral turpitude shall upon such conviction forfeit his office. N.J.S.A. 40:69A-166. The crime in this case was violation of the Internal Revenue Code of 1939 as amended, 26 U.S.C., § 145(b), by evasion of income taxes for the year 1952. DeMoura had pleaded nolo contendere to an indictment which, in charging the offense, stated that he had "willfully and knowingly" attempted to "evade and defeat" 1952 taxes by filing a "false and fraudulent" return. He was placed on probation and sentenced to a fine. However, this court set aside the Civil Service Commission ruling, *227 but solely for the reason that DeMoura had never been charged by the city authorities with violation of the Faulkner Act and that as a matter of procedural due process he was entitled to notice and hearing before the city authorities on that particular violation. The matter was therefore remanded for appropriate proceedings before the local appointing authority wherein a "quasi-judicial" determination would be made "on an administrative level" as to whether DeMoura "had been convicted of a crime involving moral turpitude." City of Newark v. Dept. of Civil Service, supra, 68 N.J. Super., at pp. 433-434.
A hearing took place before the Director of the Department of Health and Welfare on the new charge and testimony and exhibits were adduced in evidence, including the federal indictment, DeMoura's plea of nolo contendere and the resulting sentence. At the hearing DeMoura was found "guilty as charged." He then moved before the Law Division to set aside the determination. That tribunal declined to do so, finding that DeMoura had now been afforded an adequate hearing on the charge of forfeiture of office under the Faulkner Act, that there was no prejudicial error in the departmental proceedings, and that the finding that DeMoura's crime was one of moral turpitude was justified on the record. The present appeal is from that determination.
DeMoura's basic position is that by virtue of the previous directions of this court he could not be found guilty under the Faulkner Act as a matter of law on the basis of the indictment, plea and sentence alone, but that it was incumbent on the city to establish from the facts underlying the indictment that his conduct in respect of his 1952 tax obligation was such as to warrant the characterization of "moral turpitude." He attacks the proceedings before the Director as erroneous in several respects and argues that such evidence as was properly adduced fails to sustain the city's burden to show moral turpitude. The city, while defending the Director's action as warranted under the facts, argues alternatively that the indictment, plea and sentence alone are sufficient to call for the *228 conclusion that DeMoura was convicted of a crime involving moral turpitude as a matter of law.
We have decided, for reasons to be stated, that the alternative position of the city is well taken, and that we should affirm the judgment of the Law Division on that basis. DeMoura contends, however, that we cannot properly take that action for the reason that by our previous decision we established as the law of the case that the indictment, plea and sentence are as a matter of law not tantamount to conviction of a crime involving moral turpitude. But he is mistaken. Our determination in City of Newark v. Dept. of Civil Service, supra, did not undertake to express an opinion one way or the other as to the merits of the point, but merely indicated that different views exist in relation to it (68 N.J. Super., at p. 433). At the time of that decision it was deemed premature for the court to resolve the issue because DeMoura had never been charged with liability to forfeiture of office under the Faulkner Act, and due process required that he be accorded a hearing on that particular charge by the appointing authority. Since DeMoura has by now received the proper notice and administrative hearing we previously directed, there is no reason why this court cannot now terminate this litigation in finality by applying the law as we now see it to the facts before us, without any necessary regard to what the ratio decidendi may have been in the lower tribunals.
Section 145(b) of the Internal Revenue Code of 1939, under which plaintiff's indictment was drawn, is distinguishable from section 3616(a) in that the latter punishes the delivery "to the collector * * * [of] any false or fraudulent * * * return * * * with intent to * * * evade the * * * assessment intended to be made" (emphasis added), while section 145(b) penalizes any person "who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof." Fraud is not mentioned. Section 3616(a) on its face connotes dishonesty or intent to defraud, which per se clearly implicate "moral turpitude." Jordan v. DeGeorge, 341 U.S. 223, 232, 71 S.Ct. 703, 95 L. *229 Ed. 886 (1951); Annotation, 95 L.Ed. 899, 907; Louisiana State Bar Ass'n v. Steiner, 204 La. 1073, 16 So.2d 843 (Sup. Ct. 1944); cf. In re Hallinan, 43 Cal.2d 243, 272 P.2d 768 (Sup. Ct. 1954); Berardi v. Rutter, 42 N.J. Super. 39, 48 (App. Div. 1956), affirmed sub nom. In re Berardi, 23 N.J. 485 (1957).
As to violation of section 145(b), there are varying views whether guilt thereof necessarily involves moral turpitude. See the majority and concurring opinions in In re Seijas, 52 Wash.2d 1, 318 P.2d 961 (Sup. Ct. 1957), and authorities therein discussed. But the clear preponderance of the cases is to the effect that where conviction of section 145(b) is founded upon an indictment which contains an express recital of intent to defraud the government, or that evasion of taxes was achieved by filing a false and fraudulent return, such conviction is, without more, of a crime involving moral turpitude. Chanan Din Khan v. Barber, 253 F.2d 547 (9 Cir. 1958), affirming 147 F. Supp. 771 (D.C.N.D. Cal. N.D. 1957), certiorari denied 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1364 (1958); Tseung Chu v. Cornell, 247 F.2d 929 (9 Cir. 1957), certiorari denied 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed.2d 190 (1957); In re Seijas, supra; Costello v. Immigration and Naturalization Service, 311 F.2d 343 (2 Cir. 1962), reversed on other grounds 376 U.S. 120, 84 S.Ct. 580, 11 L.Ed.2d 559 (1964). The correctness of this result is fortified by the decision in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), which held that when it is charged that evasion under section 145(b) was achieved by filing a false and fraudulent return, the elements of the crime which must be proved are the same as in an offense charged under section 3616(a), including the false and fraudulent return. Since the indictment of DeMoura, as noted above, did charge the filing of a false and fraudulent return as the means of evasion of taxes, it results that his conviction is, under the authorities cited, which we deem sound, one involving moral turpitude.
*230 The fact that plaintiff pleaded nolo contendere rather than guilty does not derogate from the nature of the resulting conviction, upon sentence, as involving moral turpitude. See Kravis v. Hock, 136 N.J.L. 161, 167 (E. & A. 1947); Berardi v. Rutter, supra.
Judgment affirmed.