[Civ. No. 1113. Fifth Dist. Mar. 10, 1969.]

EDWARD J. KIRBY, as Director, etc., Petitioner, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent; MARTHA G. WHITFIELD, Real Party in Interest.

536

Thomas C. Lynch, Attorney General, and Nicholas C. Yost, Deputy Attorney General, for Petitioner.

Leo K. Gallant for Respondent.

Deadrich, Bates & Lund, Kenneth H. Bates and Jack E. Lund for Real Party in Interest.

CONLEY, P. J. — This proceeding, pursuant to section 23090 et seq. of the Business and Professions Code, reviews a decision and order of the Acloholic Beverage Control Appeals Board of the State of California in which it evidences a decided difference of opinion from the Department of Alcoholic Beverage Control relative to the penalty theretofore ordered against Martha G. Whitfield, doing business as Hal-Mar, in the City of Delano, because of her conviction of failure to report and fully pay her federal income taxes.

The Department of Alcohlic Beverage Control, after a formal hearing, found that the conviction in the United States District Court involved moral turpitude; that the judgment of conviction had become final after appeal in the federal courts (*Whitfield* v. *United States* (9th Cir. 1967) 383 F.2d 142); and, that, pursuant to section 24200, subdivision (d) of the Business and Professions Code, her license to conduct a bar should be suspended for the period of one year.

The case came on before a hearing officer in Bakersfield on May 16, 1968. His proposed decision, rendered on May 27, 1968, recommended that the petitioner's license be suspended for one year on each of counts I and II. The suspensions were to run concurrently, and credit was to be given on each for the three-month period of time during which the premises had been closed by stipulation entered into by her with the Department of Alcoholic Beverage Control. This proposed decision was adopted by the department as its official holding on June 27, 1968. Pursuant to a notice of appeal filed by Mrs. Whitfield, the Alcoholic Beverage Control Appeals Board met and considered an appeal from the decision of the department. On December 6, 1968, the appeals board rendered its holding reversing the decision of the department.

Mrs. Whitfield was originally charged with having been convicted of two crimes, each of which allegedly involved moral turpitude. One was a conviction in the Municipal Court of the Bakersfield Judicial District of petty theft when Mrs. Whitfield and her daughter had become so angry with a local store for refusing to take back a purse sold to the daughter, the handle of which had come off, that Mrs. Whitfield stole a piece of merchandise from the store. Unquestionably, this crime involved moral turpitude, but, because there was compliance by Mrs. Whitfield, after conviction, with the provisions of the Penal Code relative to rehabilitation leading, as provided therein, to her release from the consequences of the crime, there is no present contention that this conviction warranted the decision of the department. Reliance is placed by the department on the conviction specified in the first count, a conviction in the federal district court of defrauding the government through the filing of knowingly false income tax returns in the years 1958 and 1959. ■ However, the suspensions as to each of the two convictions were separately imposed, so that the abandonment of count II does not entitle the petitioner to have the case remanded (*Shakin* v. *Board of Medical Examiners,* 254 Cal.App.2d 102, 112 [62 Cal.Rptr. 274]).

One ground which was taken by the Alcoholic Beverage Control Appeals Board was that the conviction was not final, although the Ninth Circuit Court of Appeals affirmed the action of the district court, because thereafter Mrs. Whitfield made an application pursuant to rule 35 of the Federal Rules of Criminal Procedure to modify the penalty inflicted at the time of conviction of the crime. Since the appeal of the present case, the Ninth Circuit Court of Appeals has affirmed the district court's refusal to interfere with the penalty already pronounced (*Whitfield* v. *United States* (9th Cir. 1968) 401 F.2d 480), and, this being so, the respondent herein and the real party in interest concede that the point which they heretofore raised in this respect is now moot and not to be considered. ■ In any event, the pendency of a proceeding under rule 35 does not change the fact of conviction which was approved by the Ninth Circuit Court of Appeals. Proceedings under rule 35 of the Federal Rules of Criminal Procedure have nothing to do with the fact of conviction. Rule 35 provides as follows:

"Rule 35. Correction or Reduction of Sentence

"The court may correct an illegal sentence at any time and

may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.''

As construed by the federal courts, rule 35 pertains to the sentence only. In *Hill* v. *United States,* 368 U.S. 424, 430 [7 L.Ed.2d 417, 422, 82 S.Ct. 468], it is stated: ''. . . But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.''

As stated by the Court of Appeals in *Petro* v. *United States* (6th Cir. 1966) 368 F.2d 807, 808: ''Considering this action as a motion to correct an illegal sentence under Rule 35, we find that the sentence was in conformity with the statute and responsive to the indictment. The purpose of Rule 35 is to permit the court at any time to correct a sentence that 'the judgment of conviction did not authorize.' *United States* v. *Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248. Its function, which is a narrow one, is to permit the correction of an illegal sentence, and not to permit a reexamination of errors occurring during the trial. *Hill* v. *United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, rehearing denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556. It is not contemplated in such a proceeding to go outside the record to entertain a collateral attack upon the sentence. *Johnson* v. *United States,* 334 F.2d 880, 883 (C.A. 6), cert. denied, 380 U.S. 935, 85 S.Ct. 942, 13 L.Ed.2d 822.'' (See *Redfield* v. *United States* (9th Cir. 1963) 315 F.2d 76, 80-81.)

Since a rule 35 attack goes only to the sentence, not to the fact of conviction, it is irrelevant in the present case. Here, we are concerned with the fact of a conviction involving moral turpitude.

■ The next attack by the Alcoholic Beverage Control Appeals Board on the decision of the department is that the federal conviction of income tax evasion does not involve moral turpitude, citing *In re Hallinan,* 43 Cal.2d 243, 250 [272 P.2d 768]. The question to be determined by us is

whether Mrs. Whitfield was convicted in circumstances involving moral turpitude (Bus. & Prof. Code § 24200, subd. (d)). For this reason, we must rely on what the federal courts have said. There is no such thing as an appeal from the federal courts to the state courts, and, irrespective of what the state court's rule may be in order to convict of a crime involving moral turpitude, the question to be determined is whether the crime here in question, which resulted in an affirmance of the conviction in the Ninth Circuit Court of Appeals, did in fact involve moral turpitude. The answer must be affirmative. The case of *Whitfield* v. *United States* is reported in 383 F.2d at pages 142 to 145. In the opening paragraph of the report, Mr. Judge Ely says: ''In a jury trial, appellant was found guilty of having fraudulently attempted to evade or defeat the payment of federal income taxes, an offense proscribed by 26 U.S.C. § 7201.'' In the closing paragraph of his opinion, the judge says: ''We think we have reviewed so much of the evidence as is necessary to demonstrate that the jury was entirely justified in rejecting the factual defense which was presented. In a case such as this, wherein the prosecution proceeds under the 'net worth' method of proof, the district judge is also required to scrutinize the evidence with the utmost care. In submitting the case to the jury and in fixing punishment, he was apparently convinced, as we are convinced, that the appellant undertook to cheat her Government and that the jury ascertained the truth.'' This case, therefore, holds that there was a fraudulent attempt to defeat the payment of federal income taxes and that the evidence showed that the appellant undertook to cheat her government. This finding indicates, therefore, that no matter what view one would take of the situation, there was a charge of fraud and a showing of a fraudulent attempt to cheat the government in this conviction of violating 26 U.S.C.A. section 7201, as held by the opinion. This was a federal conviction and a federal finding of fraud, and it seems to us that the *Hallinan* case, even if still sound in California trials, cannot change the federal rule or free Mrs. Whitfield from a conviction which involves moral turpitude. ■ Where a criminal conviction involves fraud the conviction necessarily also involves moral turpitude (*Jordan* v. *De George,* 341 U.S. 223, 227 [95 L.Ed. 886, 890, 71 S.Ct. 703] ; *In re Hallinan, supra,* 43 Cal.2d 243, 247; *Copeland* v. *Department of Alcoholic Beverage Control,* 241 Cal.App.2d 186, 188 [50 Cal.Rptr. 452] ; *Otash* v. *Bureau of Private Investigators & Adjusters,* 230 Cal.App.2d 568, 571 [41 Cal.Rptr. 263] ).

It is to be noted that most federal courts hold today that fraud is a necessary element of the crime denounced by 26 U.S.C.A. section 7201. (See *Moore* v. *United States* (4th Cir. 1966) 360 F.2d 353, 354-355, cert.den. 385 U.S. 1001 [17 L.Ed.2d 541, 87 S.Ct. 704]; *Tomlinson* v. *Lefkowitz* (5th Cir. 1964) 334 F.2d 262, 265-266, cert.den. 379 U.S. 962 [13 L.Ed.2d 556, 85 S.Ct. 650].)

As stated in *In re Mann,* 151 W.Va. 644 [154 S.E.2d 860, 865-866]: *"In re Alker,* 398 Pa. 188 [157 A.2d 749], involved a proceeding to discipline an attorney on the basis of his conviction of a charge similar to that involved in the instant case [violation of 26 U.S.C.A. § 7201]. In that case the court stated: 'Although some courts have concluded that moral turpitude is not necessarily an essential element of prosecution for filing fraudulent returns with intent to cheat the Federal Government of taxes, the weight of authority, and in our opinion the better view, holds to the contrary.' We are of the opinion that, by the clear weight of authority, a conviction such as that involved in the instant case is one involving moral turpitude. *In re Tietelbaum,* 13 Ill.2d 586 [150 N.E.2d 873]; *In re Greenberg,* 21 Ill.2d 170 [171 N.E.2d 615]; *In re Crane,* 23 Ill.2d 398 [178 N.E.2d 349]; *In re Foley,* 364 S.W.2d 1 (Mo., 1963); *In re Seijas,* 52 Wn.2d 1. [318 P.2d 961]; *In re Bassett,* 240 Or. 284 [401 P.2d 33]; *Rheb* v. *Bar Assn. of Baltimore City,* 186 Md. 200 [46 A.2d 289]; *Tseung Chu* v. *Cornell* (9th Cir. 1957), 247 F.2d 929, cert. denied, 355 U.S. 892 [78 S.Ct. 265, 2 L.Ed.2d 190]; *In the Matter of Landon,* 319 S.W.2d 553 (Mo., 1959); *State* v. *Brodson,* 11 Wis.2d 124 [103 N.W.2d 912]; *Chanan Din Khan* v. *Barber* (9th Cir., 1958), 253 F.2d 547, cert. denied 357 U.S. 920 [78 S.Ct. 1361, 2 L.Ed.2d 1364]; *In re Crosby,* 281 App.Div. 801 [119 N.Y.S.2d 478]; *In the Matter of Madden,* 184 A.2d 204 (D.C. Mun.App. 1962); *People* v. *Gibbons,* 403 P.2d 434 (Colo. 1965); *In re Sullivan,* 33 Ill.2d 548 [213 N.E.2d 257]; *In re Revzan,* 33 Ill.2d 197 [210 N.E.2d 519]; *DeMoura* v. *City of Newark,* 90 N.J.Super. 225 [217 A.2d 19]; *Louisiana State Bar Assn.* v. *Steiner,* 204 La. 1073 [16 So.2d 843]; *State* ex rel. *Nebraska State Bar Assn.* v. *Fitzgerald,* 165 Neb. 212 [85 N.W.2d 323]; *State* ex rel. *Nebraska State Bar Assn.* v. *Tibbels,* 167 Neb. 247, 250 [92 N.W.2d 546, 548]; *Costello* v. *Immigration & Naturalization Service* (2d Cir., 1962), 311 F.2d 343. In other cases, courts, though holding that moral turpitude is not implied as a necessary element of a conviction such as that involved in the instant case, have held that moral

turpitude may be established from the circumstances of the particular case. *In re Hallinan,* 43 Cal.2d 243 [272 P.2d 768] ; 48 Cal.2d 52 [307 P.2d 1] ; *People* ex rel. *Dunbar* v. *Fischer,* 132 Colo. 131 [287 P.2d 973].''

The holding in *In re Hallinan, supra,* 43 Cal.2d 243, at pages 250-251, was based upon what the California Supreme Court took to be federal law as then settled in *United States* v. *Scharton* (1932) 285 U.S. 518 [76 L.Ed. 917, 52 S.Ct. 416]. Federal cases subsequent to *Hallinan* have shown this construction of federal law to be inaccurate as applied to present day federal convictions. (See *Armstrong* v. *United States* (1965) 354 F.2d 274, 291 [173 Ct.Cl. 944].)

The affirmance of the criminal conviction by the Ninth Circuit Court of Appeals has long since become final. A petition for a writ of certiorari was denied by the United States Supreme Court (393 U.S. 1026 [21 L.Ed.2d 570, 89 S.Ct. 630]). Under rule 35 of the Federal Rules of Criminal Procedure, the judgment against Mrs. Whitfield was not in any sense prevented in the federal court from becoming final. The decision and order of the Alcoholic Beverage Control Appeals Board, therefore, should be, and it hereby is, annulled, and the appeals board is ordered to affirm the decision of the department as to count I. Pursuant to section 23090.3 of the Business and Professions Code and section 1071 of the Code of Civil Procedure, the decision of the department as to count I is affirmed.

Stone, J., and Gargano, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 28, 1969. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.