PER CURIAM.
We affirm the order of the Comptroller of the State of Florida and Head of the Department of Banking and Finance revoking the registration of Charles Wink-elman as an associated person under the Florida Securities and Investor Act upon holdings that (1) Section 95.11(4)(e), Florida Statutes (1987), the two-year limitations period which controls violations of the Florida Securities Act, is not applicable to these administrative proceedings, see Farzad v. Department of Professional Regulation, 443 So.2d 373 (Fla. 1st DCA 1983); Landes v. Department of Professional Regulation, 441 So.2d 686 (Fla. 2d DCA 1983); Donaldson v. State Department of Health and Rehabilitative Services, 425 So.2d 145 (Fla. 1st DCA 1983); see generally Canney v. Board of Public Instruction, 278 So.2d 260 (Fla.1973); and (2) Winkelman’s conviction upon his plea of guilty to willfully assisting in the preparation of a false income tax return in violation of 26 U.S.C. § 7206(2) is the conviction of a crime which involves moral turpitude and as such adequately supports the revocation of his license. See State ex rel. Florida Bar v. Evans, 94 So.2d 730 (Fla.1957); State ex rel. Tullidge v. Hollingsworth, 108 Fla. 607, 146 So. 660 (1933). See also Demoura v. City of Newark, 90 N.J.Super. 225, 217 A.2d 19 (App.Div.1966).
We have considered Winkelman’s other points on appeal and reject them without discussion.
AFFIRMED.